**SIGNED THIS: October 12, 2006**

                                             _____
                                                    **MARY P. GORMAN**
                                              **UNITED STATES BANKRUPTCY JUDGE**
_____


UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re ) | |
| ) | In Bankruptcy |
| ROBERT ALLEN FETTER, ) | |
| ) | Case No. 05-73656 |
| Debtor. ) | |
| _____ ) | |
| ) | |
| JOHN L. SWARTZ, Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary No. 06-7144 |
| ) | |
| ROBERT ALLEN FETTER and ) | |
| LINDA J. HART, ) | |
| ) | |
| Defendants. ) | |

## O P I N I O N

    This matter is before the Court on Motion of Robert Allen

Fetter ("Debtor") to Dismiss this adversary proceeding and the

-1-

Response thereto of John L. Swartz, Trustee ("Trustee").

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).

On July 12, 2005, Debtor filed his voluntary Chapter 7 petition in bankruptcy. On June 20, 2006, Trustee filed this adversary complaint seeking recovery or turnover of property purportedly belonging to the bankruptcy estate of the Debtor. The property at issue is the Debtor's beneficial interest in the "Robert A. Fetter Trust" ("the Trust"), an inter vivos trust created by the Debtor's father, Robert A. Fetter ("the Settlor"), in 1998. The Settlor died on November 9, 2005. The Defendants in this adversary proceeding are the Debtor, who is a beneficiary and who is also a co-trustee of the Trust, and the other co-trustee, Linda J. Hart, Debtor's sister.

On July 22, 1998, the Settlor created the Trust and, on the same day, he executed a pour-over Last Will and Testament. Under the terms of the Trust, the Settlor was the primary beneficiary of the Trust during his lifetime. Upon the Settlor's death, if the Settlor's spouse predeceased him (which she did), the Trust was to terminate and the balance of the Trust was to be distributed in equal shares to the Settlor's children, or to their descendants, *per stirpes*. Debtor is one of the Settlor's four children.

The Trust includes a spendthrift provision:

> 8.12 **Spendthrift**. No interest under this instrument shall be assignable by any beneficiary, or be subject to the claims of his or her creditors, including claims for alimony or separate maintenance.

Trust *at* p. 11.

The Trust was funded during Settlor's lifetime. Under the terms of the Will, the Settlor left the remainder of his tangible personal property and residual estate to the Trust. The Will names the defendants as co-executors.

Debtor has filed a Motion to Dismiss the Trustee's Complaint. Debtor contends that, as a matter of law, Debtor's interest as residual co-beneficiary of the Trust is not property of the Debtor's bankruptcy estate. Debtor asserts that his interest in the Trust was subject to a valid spendthrift provision and, therefore, the Debtor's interest therein is excluded from the Debtor's bankruptcy estate. With respect to any property owned by the Settlor outside of the trust at the time of Settlor's death, Debtor concedes that the interest, if any, he acquired in such property by bequest, devise, or inheritance rather than through the Trust is property of the bankruptcy estate.

In order for a defendant to prevail on a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) and its bankruptcy counterpart Rule 7012, it must clearly appear from the pleadings that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Colfax Corp. v. Illinois State Toll

Highway Authority, 79 F.3d 631, 632 (7th Cir. 1996) (citation omitted); Meriwether v. Faulkner, 821 F.2d 408, 411 (7th Cir. 1987), *cert. denied*, 484 U.S. 935 (1987).  The court must take as true all well-pleaded material facts in the complaint, and must view these facts and all reasonable inferences which may be drawn from them in a light most favorable to the plaintiff.  *See* Northern Trust Co. v. Peters, 69 F.3d 123, 129 (7th Cir. 1995); Infinity Broadcasting Corp. of Illinois v. Prudential Ins. Co. of America, 869 F.2d 1073, 1075 (7th Cir. 1989); Corcoran v. Chicago Park Dist., 875 F.2d 609, 611 (7th Cir. 1989); Marmon Group, Inc. v. Rexnord, Inc., 822 F.2d 31, 34 (7th Cir. 1987).  The issue is not whether the plaintiff will ultimately prevail, but whether he has pleaded a cause of action sufficient to entitle him to offer evidence in support of his claims.  *See* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case.  Demitropoulos v. Bank One Milwaukee, N.A., 915 F.Supp. 1399, 1406 (N.D. Ill. 1996) *citing* Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990).

    Section 541 of the Bankruptcy Code provides in part as follows:

>    (a)  The commencement of a case under section 301, 302, or 303 of this title creates an estate.  Such estate is compromised of all the following property, wherever located and by whomever held:
>
>    (1)  Except as provided in subsections

>    (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property, as of the commencement of the case.
>
> * * * *
>
>    (5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date –
>
>       (A) by bequest, devise, or inheritance[.]
>
> * * * *
>
>    (c)(2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

11 U.S.C. § 541.

"The filing of a petition under Chapter 7 of the United States Bankruptcy Code creates an estate comprised of property described in 11 U.S.C. § 541(a)." In re Foos, 183 B.R. 149, 155 (Bankr. N.D. Ill. 1995); *see also* In re Jones, 768 F.2d 923, 926 (7th Cir. 1985). The legislative history of Section 541 indicates that the scope of "property of the estate" is broad: "It includes all kinds of property, including tangible or intangible property [and] causes of action. . .". H.R. Rep. No. 595, 95th Cong. 1st Sess. 367, *reprinted in* 1978 U.S.C.C.A.N. 5787, 7323. *See also* United States v. Whiting Pools, Inc., 462 U.S. 198, 205, 103 S.Ct. 2309, 2313 (1983); In re Yonikus, 996 F.2d 866, 869 (7th Cir. 1993); Matter of Smith, 640

F.2d 888, 890 (7th Cir. 1981); Matter of Geise, 992 F.2d 651, 655 (7th Cir. 1993).  However, the estate, and the bankruptcy court's jurisdiction, does not extend beyond a debtor's interest in certain property.  In re Marrs-Winn Co., Inc., 103 F.3d 584, 589 (7th Cir. 1996).  The question of what is considered "property of the estate" under § 541(a), is a question to be decided under federal law.  In re Yonikus, *supra*, 996 F.2d *at* 869.

Congress has provided an exception to the general rule of inclusion of all property of the estate, and that exception applies to beneficial interests that contain restrictions on transfers.  *See* 11 U.S.C. § 541(c)(2).  A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a bankruptcy case.  Patterson v. Shumate, 504 U.S. 753, 757, 112 S.Ct. 2242, 2246 (1992).

At the time of the commencement of this case, the Debtor was a designated co-beneficiary of a revocable trust, subject to the life interest of the Settlor.  It is undisputed that the Trust was subject to a valid spendthrift provision which would be enforceable under Illinois law.

There is some conflict in authority on the question of whether a debtor's contingent interest in a revocable trust would be considered property of the estate under § 541(a)(1).

Courts have held that a mere expectancy interest that a debtor

-6-

possesses as of the commencement of a bankruptcy case does not rise to the level of an interest of the debtor in property, as required for it to be included in the bankruptcy estate. *See* In re Sargent, 337 B.R. 661, 665 (Bankr. N.D. Ohio 2006). When a debtor's interest may be "unilaterally extinguished by a grantor" there is "no interest of value which passes to the estate." In re Knight, 164 B.R. 372, 376 (Bankr. S.D. Fla. 1994) A remainder interest in a trust where the owner retains both the equitable life interest and the power to alter and revoke the beneficiary designation is merely an expectancy. Handelsman v. Handelsman, 852 N.E.2d 862, 869 (Ill.App. 2006), *citing* J. Langbein, *The Nonprobate Revoluation and the Future of the Law of Succession*, 97 Harv. L.Rev. 1108, 1113 (1984).

Other courts have held that a Chapter 7 debtor's beneficial interest in a trust is property of the estate, despite the fact that at the time of the filing of the petition, the debtor's interest was contingent and unvested. *See* In re Smith, 189 B.R. 8, 10 (N.D. Ill. 1995), *citing* In re Neuton, 922 F.2d 1379, 1382-83 (9th Cir. 1990).

This Court need not resolve this conflict in this case. Debtor's interest does not fit into the definition of "property of the estate" because the interest he had was a beneficial interest in an inter vivos trust which contained a valid and enforceable spendthrift provision under Illinois law.

Trustee concedes that the Trust contained a valid spendthrift provision, but contends that the spendthrift provision was in place for only so long as the Trust was in existence.  Because, by its own terms, the Trust was to terminate upon the death of Settlor and its assets were to be distributed to the Debtor and others, Trustee asserts that the spendthrift provision does not protect the corpus distribution to which the Debtor is entitled.

The Trustee's position might be correct if the Settlor had died before Debtor filed his petition.  Under those circumstances, the Trust would have effectively terminated and the residual co-beneficiaries would then be entitled to an outright distribution of the trust corpus, free of any restrictions or protections provided for during the existence of the trust.  At that point, the trust corpus would no longer be subject to the spendthrift provision as it becomes the individual outright property of the trust co-beneficiaries.  As the Trustee correctly states, even when spendthrift provisions apply, funds are fully reachable by creditors once the funds are in the hands of the beneficiary. <u>White v. Williams</u>, 172 Ill.App. 630 (Ill. App. 1912).  Were that the case here, the provisions of Section 541(c)(2) would not come into play.

However, the Trust with its spendthrift provision was in force on the date of the filing of Debtor's petition.  As a consequence, Section 541(c)(2) excepts any interest the Debtor had in the Trust

-8-

from property of the estate.

Much of the Trustee's argument implicitly relies on the fact that the Settlor died within 180 days of the petition date. That fact is a bit of a red herring. Section 541(a)(5), which brings into the estate property which is acquired within 180 days after the filing of the petition, applies only to property received "by bequest, devise or inheritance." Property received from a trust during the 180 days following the filing of a bankruptcy petition is not received as a result of "bequest, devise, or inheritance." *See* In re Newman, 903 F.2d 1150, 1154 (7th Cir. 1990); In re Roth, 289 B.R. 161, 166-67 (Bankr. D. Kan. 2003).

The Trust in this case terminated upon the death of the Settlor, which occurred post-petition. The valid spendthrift provision was in effect at the time the petition was filed. *See* In re Connor, 233 B.R. 358, 362 (Bankr. N.D. W.Va. 1999) (to the extent spendthrift trust had not terminated pre-petition, debtor-beneficiary's interest therein, being subject to restriction on transfer which was enforceable under applicable nonbankruptcy law, is not property of the estate). Debtor's rights in and to the Trust property vested at Settlor's death under the terms and provisions of the Trust, not as a result of "bequest, devise, or inheritance." Accordingly, the bankruptcy estate acquired only the interest in the Trust which the Debtor had at the time he filed his petition, not any interest Debtor acquired during the 180 days

following the petition date.  *See* In re Spencer, 306 B.R. 328, 331-32 (Bankr. C.D. Cal. 2004), *citing* In re Roth, *supra* (an asset is determined to be estate property by examining the nature of the estate on the date the bankruptcy petition was filed.)  Because the Debtor's interest in the Trust on the petition date was subject to a valid spendthrift provision, Debtor's interest as a residual co-beneficiary under the Trust is not property of the Debtor's bankruptcy estate.  Accordingly, Debtor's Motion to Dismiss is granted.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###